# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TAHNISHA BLAIR,

        Petitioner,                      Case Number: 2:12-CV-13661

v.                                            HON. LAWRENCE P. ZATKOFF

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

This matter is pending before the Court on the *pro se* civil rights complaint filed by Tahnisha Blair. Blair is a state prisoner incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. In her complaint, Plaintiff claims that she has been discriminated against based upon her race and religious beliefs, that she was assaulted while housed at a substance abuse center, and that she was unlawfully restrained and denied food and water while at a parole office. She names as defendants the Michigan Department of Corrections, Waterford Parole Office, CPI, and three clients of CPI (Shonda Mendoza, Elizabeth Thompson, and Bethany Culver). The Court will dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted.

### I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauper*is complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted).

## II.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal. "[T]he plaintiff in a Section 1983 action bears the burden of pleading and proving that the defendant deprived him of a federal right while acting under color of state or territorial law . . . ." *Alexander v. Alexander*, 706 F.2d 751, 754 (6th Cir. 1983). Plaintiff fails to satisfy this burden with respect to any of the named defendants.

First, neither the Michigan Department of Corrections nor the Waterford Parole Office is a "person" who may be sued under § 1983. *Will v. Michigan Department of State Police*, 491 U.S.

58 (1989). Moreover, states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the state of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Plaintiff also names as a defendant CPI, located in Waterford, Michigan, where Plaintiff was treated for substance abuse. Plaintiff, however, has not alleged any facts from which the Court could conclude that CPI is a state actor. Even assuming that CPI receives state funding and/or creates an opportunity for probationers to complete a substance abuse program in lieu of prosecution or serving a sentence, this does not necessarily make it a state actor. *Mele v. Hill Health Center*, 609 F. Supp.2d 248, 257-58 (D. Conn. 2009); *accord Smith v. Devline*, 239 F. App'x 735 (3d Cir. 2007) (granting summary judgment to a treatment center that helped offenders in the criminal justice system reenter society, because plaintiff failed to prove the center or its employees acted under color of state law); *Moore v. Broady*, No. 10-cv-3250, 2010 WL 3125008, at *5 (E.D. N.Y. Aug. 6, 2010) (concluding that, even if municipal and state facilities regulated transitional housing agencies or contracted with the organizations to provide services to former inmates, those connections would not transform a private organization into a state actor for purposes of § 1983 liability). The Court concludes that Plaintiff cannot make out an essential element of a civil rights complaint with respect to CPI.

Finally, Plaintiff alleges that, on October 17, 2011, Shonda Mendoza, Elizabeth Thompson, and Bethany Culver, who were also being treated at CPI, assaulted her by kicking her. "Section

1983 is directed at actions taken pursuant to governmental authority, and 'does not, as a general rule, prohibit the conduct of private parties acting in their individual capacities.'" *Garcia v. Dykstra*, 260 F. App'x 887, 893 (6th Cir. 2008) (quoting *Lindsey v. Detroit Entm't, LLC*, 483 F.3d 824, 827 (6th Cir. 2007)). "Private conduct is actionable under § 1983 if it is: (1) the exercise of a public function; (2) the result of state compulsion; or (3) a result of a symbiotic relationship or nexus between the government and a private party." *Id.* (citing *Chapman v. Higbee Co,* 319 F.3d 825, 833 (6th Cir. 2003). Plaintiff has failed to allege facts suggesting that Mendoza, Thompson, or Culver, acted in the exercise of a public function, as a result of state compulsion, or as a result of the intermingling of state involvement to support a finding of state action. Therefore, these defendants cannot be deemed state actors under 42 U.S.C. § 1983 and claims against these defendants must be dismissed.

### III.

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED, that if Plaintiff elects to appeal this decision, she may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

> S/Lawrence P. Zatkoff
> LAWRENCE P. ZATKOFF
> UNITED STATES DISTRICT JUDGE

Dated: November 14, 2012